*In re* ZUCKERMANDEL'S ESTATE.

LUTHER HOME OF MERCY OF WILLISTON, OHIO, *v.* SECOND
NATIONAL BANK & TRUST COMPANY OF SAGINAW.

1. WILLS—TESTAMENTARY TRUST—DISCRETION OF TRUSTEE AND
   JUDGE OF PROBATE.
      Testamentary trust, created by residuary clause, which directed
      trustee, with approval of judge of probate, in the event of
      serious illness, financial want or dire distress of testatrix'
      brother to pay to him such portion of the principal of the
      trust estate as in their discretion they deemed necessary, vested
      in trustee and judge of probate a discretion which, when
      fairly exercised, may not be disregarded nor superseded; and
      in view of circumstances and "financial want" an order for
      payment of $300 per month to the brother was within such
      discretion.

2. TRUSTS—DISCRETION OF TRUSTEE—PAYMENTS OUT OF PRINCIPAL.
      Where residuary clause pursuant to which testamentary trust
      was established imposed no condition or limitation on discre-
      tion of trustee and judge of probate in making payments
      out of principal to testatrix' brother that such discretion be
      exercised only in case his financial want became greater after
      will was made, the discretion was not so circumscribed as
      claimed by remaindermen.

3. COURTS—PROBATE COURT—JURISDICTION—CONSTRUCTION OF WILL.
      A probate court has jurisdiction to construe a will to the ex-
      tent necessary to determine the size of payments to be made
      to testatrix' brother from principal in addition to the life
      income, hence bill to construe will was unnecessary litigation.

Appeal from Saginaw; O'Neill (James E.), J.
Submitted January 4, 1945. (Docket No. 41, Cal-
endar No. 42,882.) Decided April 9, 1945.

Unless there is an abuse of discretion, the court will not interfere
with the exercise of a power by a trustee, if, by the terms of the
trust, a discretion is conferred upon the trustee, see 1 Restatement,
Trusts, § 187.

In the matter of the estate of Marie C. Zuckermandel, deceased. Gustave C. Gottschalk filed petition to be allowed $500 a month under residuary trust created by decedent's will. Order allowing him $300 a month. Luther Home of Mercy of Williston, Ohio, appealed to circuit court.

Bill by Luther Home of Mercy of Williston, Ohio, and another against Second National Bank & Trust Company of Saginaw, executor and trustee of the estate of Marie C. Zuckermandel, deceased, and others to construe a will.

Judgment affirming action of probate court and decree dismissing bill of complaint. Luther Home of Mercy of Williston, Ohio, and another appeal. Cases consolidated. Affirmed.

*William C. O'Keefe* (*William G. Wandel,* of counsel), for appellants.

*Donald W. Gilbert,* for appellees.

REID, J. These are consolidated appeals, first, from a decree of the circuit court in chancery dismissing a bill of complaint for construction of a will, and second, from a judgment of the circuit court on appeal affirming an order of the probate court which, with the approval of the trustee appointed under the will of deceased, ordered the total amount of $300 per month to be paid to Gustave C. Gottschalk, defendant and appellee, the net income of the trust fund being included in the $300. The residue of the estate of deceased to come under the provisions of the ninth paragraph of the will of deceased would apparently amount to about $28,000.

The ninth paragraph of the will, dated January 15, 1942, provided:

"Ninth: All the rest, residue and remainder of my estate · * * * I give, devise and bequeath to The Second National Bank & Trust Company of Saginaw, Michigan, but upon trust nevertheless, and direct my said trustee to pay to my brother Gustave C. Gottschalk, from time to time, so long as he shall live, the income from the whole thereof, if he shall survive me. I further direct my said trustee, by and with the approval of the judge of probate of the county having jurisdiction over my will, in the event of serious illness, or financial want or dire distress of my said brother, to pay such portion of the principal of said trust estate as in the discretion of said judge of probate and said trustee shall be deemed necessary."

The will further provided that after the death of Gustave C. Gottschalk the residue of the trust fund, after payment of $2,000 each to two nieces, be given to the two charitable institutions, appellants.

We are required especially to consider the meaning of the words that make provision for appellee Gustave C. Gottschalk, hereinafter referred to as the defendant. The effect of the order appealed from undoubtedly is to give him a considerable sum each month out of the principal fund. We must also consider his financial status. Defendant, now about 60 years of age, was formerly assistant cashier of the Bank of Saginaw. In 1931 and 1932 his annual salary was $6,600 a year, and total income was between $8,000 and $9,000 a year. During the financial depression his income fell to about $4,000 in 1935. He had owned and lived in a residence in Saginaw costing $10,000. Since 1935 he has earned about $1,500 a year. In a bankruptcy proceeding in 1941 all his property, including his insurance, was taken from him. In 1942 his income was about $1,300, from which amount he paid his own living expenses and upkeep of an automobile necessary to

his activities in earning an income. His income will probably become less. Since the bankruptcy proceeding he received $4,000 in cash and an automobile from deceased. He took care of her night and day the last three months before her death from cancer. He also bought a house for $2,500 on a land contract and pays $22.61 a month to the Home Owners Loan Corporation. His wife and younger daughter live in that house. Defendant furnishes their groceries, supplies and upkeep, and pays their doctor bills. The older daughter, about 26, is living with and supported by her husband; the younger daughter works and earns part of her support. Defendant's wife was adjudged insane about January, 1942, and after a period of treatment at Traverse City State hospital was placed on probation. It is necessary because of her mental condition and threatened violence toward defendant that she live apart from him. He pays $10 per week for his own room and board elsewhere. The expense of his wife's maintenance must be much greater at home than in the State hospital.

Defendant's doctor testified that defendant had been going pretty hard for 1½ years and that he had advised defendant that if he could have a vacation in a warmer climate it would be a good thing for him; that if he could get away it would help him physically. He further testified that defendant should have all his teeth extracted and that he has low blood pressure and is showing albumen; that unfavorable conditions such as his are more liable to become aggravated in advancing years and usually progress.

Defendant would like to send his younger daughter to college. At the time of the hearing he owed $500 on his board bill. He is unable to provide insurance for his wife and younger daughter and un-

able to provide some person to be with his wife all the time which she should have. His house needs a new roof and other repairs.

The probate court on October 28, 1942, ordered the residue of the estate turned over to the trustee. On October 31, 1942, the defendant petitioned the probate court for $500 per month, including the net income of the trust fund. On May 17, 1943, the probate judge rendered an opinion concurred in and approved by the trustee, on the petition of defendant, which would award defendant such portions of the corpus of the trust created under the ninth article of the will as when added to the income payable to him from the estate will aggregate the sum of $300 per month, without prejudice to the rights of any interested party to ask for a redetermination in the event of change in the financial condition of the petitioner, and on June 14, 1943, after hearing objections raised by the plaintiffs, made an order in accordance with said findings.

The will gave the trustee and the judge of probate a discretion which, when fairly exercised, may not be disregarded nor superseded. We think that in addition to the total net income of the trust fund, giving defendant a further sum from the principal or corpus of the trust fund to make a total of $300 per month, in view of his circumstances and "financial want," was fair and well within the discretion of the trustee and the probate judge. In the language of the circuit judge, we find, "To order otherwise it would be necessary for this court to substitute its discretion for that of the trustee and the probate judge. The will does not sanction this." *In re De-Bancourt's Estate*, 279 Mich. 518 (110 A. L. R. 1346).

In the instant case, the probate court found:

"It further appears to the court and the court hereby finds, after a full examination and hearing of said petition, the evidence introduced in rela-

tion thereto, the arguments of counsel, the report of said guardian *ad litem,* the opinion of the judge of probate and trustee on file in said court and·cause and the records and files therein, that the petitioner is in financial want within the meaning of the terms of said article ninth of said last will and testament and that because of circumstances beyond his control he is unable to meet the financial burdens which are upon him out of his present earnings and the court doth further find that petitioner needs $300 per month, in addition to such sums as he may earn, to meet his obligations and maintain himself in proper circumstances and that such sums should be accorded to him from and after the date of the filing of said petition, October 31, 1942.''

Appellants complain of this finding and claim that ''inability to meet the financial burdens which were upon him'' is not within the provision of the will. However, we find such situation evidence of ''financial want'' and do not overlook the finding that Gottschalk's situation is due to circumstances beyond his control.

The deceased at the time of the making of her will knew of defendant's then financial condition and of his bankruptcy.

Appellants further incorrectly claim that defendant's condition is not different from what it was at the time of the making of the will as then known to testatrix, and because of such claim argue that the probate judge and trustee were afforded no ground on which to exercise the discretion vested in them by the will. The will neither expressly nor impliedly imposes any condition or limitation on that discretion to the effect that the discretion shall be exercised only in case defendant's financial want became greater after the making of the will.

Several important matters affecting defendant's financial condition and enhanced needs occurred or became manifest since the making of the will.

The bill to construe the will was filed June 1, 1943, about two weeks after the probate judge filed his opinion to the purport herein set forth. The chancery case was an unnecessary litigation. The probate court had jurisdiction to construe the will to the extent necessary for the proceeding then before it. The bill in chancery was apparently aimed at substituting the judgment of the chancery court for the discretion vested by the will in the probate judge and testamentary trustee.

The decree of the chancery court dismissing the bill of complaint is affirmed, with costs to defendants. The judgment of the circuit court affirming the order of the probate court is affirmed, with costs to defendants.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.